

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

August 25, 1976

The Honorable Lynn Nabers
Chairman
Health and Welfare Committee
House of Representatives
P. O. Box 2910
Austin, Texas   78767

Opinion No. H-868

Re:  Constitutionality
of the Texas Community
Development Act of 1975,
article 12691-4, V.T.C.S.

Dear Representative Nabers:

You have requested our opinion regarding the constitu-
tionality of a portion of article 12691-4, V.T.C.S., the
Texas Community Development Act of 1975.  That statute
authorizes a municipality to establish "community development
programs," which may include

> interim assistance and financing the rehab-
> ilitation of privately owned properties
> when incidental to other activities.
> Sections 4(b), (4).

Article 12691-4 is designed to implement the federal Housing
and Community Development Act of 1974, 42 U.S.C. §§ 5301,
et seq.  Funding is primarily provided by the federal govern-
ment, and section 4(c) of the Texas statute, while authorizing
a municipality to "provide for and implement programs to
provide financing for the rehabilitation of privately owned
buildings through the use of loans and grants from [the] Act,"
prohibits a municipality "from providing municipal property
or funds for private purposes."  You ask whether these
provisions contravene article 3, section 52 of the Texas
Constitution, which declares, in pertinent part:

> [T]he Legislature shall have no power to
> authorize any county, city, town or other
> political corporation or subdivision of
> the State to lend its credit or to grant
> public money or thing of value in aid of,
> or to any individual, association or
> corporation whatsoever, or to become a
> stockholder in such corporation, association,
> or company.

Article 12691-4 specifically prohibits the use of municipal funds or property for private purposes. The purpose of the statute is described in section 2:

> [T]he development of viable urban communities
> by providing decent housing and a suitable
> living environment, and by expanding economic
> opportunities for eligible persons as defined
> by the federal Housing and Community Development
> Act of 1974 . . . .

The statute then declares that

> the objectives of such activities are
> matters of public interest and legitimate
> public purposes for municipalities within
> this state.

It is well established that "the constitutionality of a statute must be sustained unless its invalidity is apparent beyond a reasonable doubt." State v. City of Austin, 331 S.W.2d 737, 747 (Tex. Sup. 1960). The Legislature's determination of what constitutes a public use or a public purpose is entitled to great weight, as the Supreme Court of Texas has recognized in upholding the validity of the Texas Urban Renewal Act, article 12691-3, V.T.C.S., and the Texas Housing Authorities Act, article 1269k, V.T.C.S., over objections that they contravened article 3, section 52. Davis v. City of Lubbock, 326 S.W.2d 699, 709-10 (Tex. Sup. 1959); Housing Authority of City of Dallas v. Higginbotham, 143 S.W.2d 79, 85 (Tex. Sup. 1940). See also Letter Advisory No. 107 (1975).

It has been observed that Texas courts generally will uphold transactions in which a municipality uses a private agency to accomplish a proper public purpose if: (1) accomplishment of the public purpose is the predominant purpose of the transaction; (2) there is sufficient assurance through statutory or contractual requirements or through continuing supervision by the municipality that the public purpose will be accomplished; (3) there is sufficient protection of the handling of public money; and (4) there is adequate consideration passing to the municipality. Willatt, Constitutional Restrictions on Use of Public Money and Public Credit, 38 Tex. B.J. 413, 421 (1975).

It has also been noted that a public benefit, if adequate, may serve as consideration. Attorney General Opinion H-416 (1974). Also, see Texas Cent. Ry. v. Bowman, 79 S.W. 295, 297 (Tex. Sup. 1904), where, in another context, it is said:

> The power of the Legislature to devote the general property of the state to public purposes without other compensation than such as arises from the advantages resulting from such use of it is . . . expressly recognized . . . .

We believe the transactions contemplated by article 12691-4 can meet article 3, section 52 standards, although in particular instances the statute could be applied in an unconstitutional manner. Whether a specific application is constitutional is a question which must be resolved on the facts of the particular case. While we cannot and do not pass on every conceivable application of the statute, it is our opinion that the Texas Community Development Act of 1975 would be held to be constitutional on its face.

## S U M M A R Y

The Community Development Act of 1975, article 12691-4, V.T.C.S., is not

The Honorable Lynn Nabers - page 4 (H-868)

violative of article 3, section 52
of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Asisstant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb